IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| AUTO OWNERS INSURANCE CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:15-CV-90 (LJA) |
| | : | |
| BARBARA SAPP; BAINBRIDGE-DECATUR COUNTY KEEP AMERICA BEAUTIFUL, INC.; and DECATUR COUNTY, GEORGIA, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 29). For the following reasons, Plaintiff's Motion is **GRANTED**.

**BACKGROUND**[1]

Plaintiff Auto-Owners Insurance Co. ("Auto-Owners") seeks declaratory judgment that Defendant Bainbridge-Decatur County Keep America Beautiful, Inc. ("KAB") is not entitled to coverage under the general commercial liability policy Plaintiff issued to KAB ("the Policy") for an accident suffered by Defendant Barbara Sapp because KAB failed to comply with the Policy's notice provision. (Doc. 29-1, pp. 13-14).

At the commencement of this action, KAB was a non-profit corporation in Decatur County, Georgia that oversaw the operation of recycling centers. (Doc. 41-2, ¶ 1). The Policy

---

[1] The relevant facts are derived from the Amended Complaint (Doc. 21), Defendants' Answers to the Amended Complaint (Docs. 32-1; 35-3), Plaintiff's Statement of Undisputed Facts (Doc. 29-2), Defendants' Responses to Plaintiff's Statement of Undisputed Facts (Docs. 40-1; 41-2), and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in the light most favorable to Defendants as the nonmoving parties. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

1

had an effective policy period of October 21, 2013 to October 24, 2014. *Id.* at ¶ 11. On May 15, 2014, Sapp fell, sustaining both bodily injuries and property damage to her vehicle, at the Climax, Georgia recycling center maintained by KAB and Defendant Decatur County, Georgia. *Id.* at ¶ 2.

On November 13, 2015, Sapp filed a lawsuit in the Superior Court of Decatur County, alleging that KAB and Decatur County, Georgia are liable for the damages she incurred as a result of her fall at the recycling center ("the underlying lawsuit"). *Id.* at ¶ 10. KAB seeks a defense and indemnity under the Policy for the claims asserted by Sapp in the underlying lawsuit. *Id.* at ¶ 12. Decatur County does not seek a defense or indemnity under the Policy for the claims asserted by Sapp in the underlying lawsuit and denies that it has an interest, financial or otherwise, with respect to the outcome of this action. *Id.* at 13.

In pertinent part, the Policy states that the insured party "must see to it that [Plaintiff is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Doc. 1-4, p. 23, Sec. IV, ¶ 2(a)). "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 28, Sec. V, ¶ 14. The Policy also states that "[n]o person or organization has a right" to "join us as a party or otherwise bring us into a 'suit' asking for damages from an insured" or "to sue us on this Coverage Part unless all of its terms have been fully complied with." *Id.* at p. 23, Sec. IV, ¶ 3.

At the time of the incident, Suzanne Brandt served as the Executive Director of KAB and was employed full time with Decatur County as the Director of Environmental Services. *Id.* at ¶ 4. According to Brandt, she was informed of Sapp's fall within one day of the accident. (Doc. 48, at 44:7-21; 45:20-46:4). Brandt does not recall if she advised the KAB board about the accident, but she did not notify Plaintiff because she did not believe Sapp intended to file a claim against KAB. *Id.* at 50:4-8; 90:2-7. Instead, Brandt spoke directly to Sapp. Brandt testified that she communicated multiple times with Sapp regarding her injuries and submitted requests to the Decatur County Board of Commissioners to reimburse Sapp for her medical bills and the damage to her vehicle. *Id.* at 51:16-52:16; 62:14-25.

On September 18, 2014, Sapp sent a demand letter to KAB indicating her intent to sue. (Doc. 43-1, at p. 50). KAB gave Plaintiff notice of Sapp's fall on September 22, 2014, four months after the accident. (Doc. 41-2, ¶ 17).

## PROCEDURAL HISTORY

On June 3, 2015, Plaintiff commenced this action against Defendants. (Doc. 1). Plaintiff moved for Summary Judgment on August 26, 2016. (Doc. 29). Three days later, on August 29, 2016, Plaintiff moved for entry of default against Defendants Sapp and KAB. (Docs. 30, 31). On October 14, 2016, Defendant Decatur County entered a stipulation that it was not seeking a defense or indemnification from Plaintiff and that it would be bound by any and all judgments entered by the Court. (Doc. 38). On January 10, 2017, the Court denied Plaintiff's Motions for Entry of Default (Docs. 30, 31) and ordered Defendants Sapp and KAB to respond to Plaintiff's Motion for Summary Judgment. (Doc. 39). Defendants Sapp and KAB responded on January 31, 2017, and Plaintiff replied on February 14, 2017 (Doc. 47). As such, Plaintiff's Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment when the party contends no genuine issue of material fact remains and the party is entitled to judgment as a matter of law. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) *citing Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) *citing Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet this burden by presenting evidence showing there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24.

Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or show that there is some metaphysical doubt as to the material facts." *Matsuhita*, 475 U.S. at 586 (citations and internal quotations omitted). Instead, the nonmovant must point to evidence in the record that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) *quoting* <u>Macuba v. Deboer</u>, 193 F.3d 1316, 1322 (11th Cir. 1999) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form"). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

## **DISUCSSION**

### I.  **Existence of Condition Precedent**

As a threshold matter, the Court must determine whether the Policy's notice provision is a condition precedent to coverage. If the notice provision was "expressly made condition precedent to coverage," KAB must "demonstrate justification for failure to comply," regardless of whether Plaintiff was harmed by the delay. *Progressive Mountain*

4

*Insurance Company v. Bishop*, 338 Ga. App. 115, 117 (2016). If the notice provision was "*not* expressly made a condition precedent to coverage*,*" then "failure to comply with the notice provision will result in a forfeiture of coverage only if the insurer demonstrates that it was prejudiced by the insured's failure." *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 311 (2015).

Georgia courts have a policy of "constru[ing] insurance policies to provide coverage, so as to advance the benefits intended to be accomplished by such policies." *Progressive*, 338 Ga. App. at 117.

> "In keeping with the desire of the law to avoid forfeitures of coverage, the general rule is that a notice provisions in an insurance policy is only considered a condition precedent to coverage if 'it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent.'" *Plantation*, 335 Ga. App. at 312 (quoting *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 727 (2010)).

"A general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent." *Progressive*, 338 Ga. App. at 118. The Policy at issue in this case requires KAB to notify Plaintiff of an "occurrence" "as soon as practicable" and states that "no person or organization has a right…to join us as a party or otherwise bring us into a 'suit' asking for damages from an insured…or to sue us…unless all of [the Policy's] terms have been fully complied with." (Doc. 1-4, p. 23, Sec. IV, ¶¶ 2(a), 3). The language of the Policy is sufficient to create a condition precedent to coverage. *See Progressive*, 338 Ga. App. at 118) (finding a condition precedent when insurance policy stated that "[Insurer] may not be sued unless there is full compliance with all the terms of this policy").

## II. Compliance with Condition Precedent

Having determined that the notice provision was a condition precedent to coverage, the Court now addresses the question of whether KAB notified Plaintiff of Sapp's fall "as soon as practicable." Whether or not an insured's notice is timely is "an inherently fact-specific question of the kind we leave for juries to answer." *Id.* at 122. "An insured may be able to present justification for delay in giving notice, and whether that justification was

sufficient is generally a fact-based inquiry for a jury." *Id.* at 119. "Nevertheless, the facts and circumstances of a particular case may render an insured's delay in giving notice of an occurrence to his insurer unjustified and unreasonable as a matter of law." *State Farm Fire and Casualty Co. v. Walnut Avenue Partners, LLC*, 296 Ga. App. 648, 651 (2009); *see also Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (2009). "An insured bears the burden of establishing a justification for the delay." *Longleaf in Vinings Homeowners Association, Inc.*, 646 F.App'x 823, 825 (11th Cir. 2016).

"In cases in which a policy's notice provision gives no specific time frame, there is no bright-line rule on how much delay is too much." *Progressive*, 338 Ga. App. at 119. Georgia courts have found delays as long eleven months to present questions of justification to a jury, *see Progressive*, 338 Ga. App. at 119 (collecting cases), and delays as short as four months to be unreasonable as a matter of law. *See Bituminous Cas. Corp. v. J.B. Forest & Sons, Inc.*, 132 Ga. App. 714, 717 (1974). Under Georgia law, "an insured is not justified in failing to give notice by the belief that an insurance policy does not cover an occurrence." *State Farm*, 296 Ga. App. at 653; *see also Advocate Networks*, 296 Ga. App. at 340 ("A defendant [] cannot avoid the requirement of prompt notice by claiming that it believed it was not liable.") An insured is not, however, "required to foresee every possible claim that might arise from an incident." *Id.* Regardless of the length of delay, courts find that a delay is unreasonable as a matter of law when the insured fails to provide a justification altogether. *See Bituminous*, 132 Ga. App. at 717 (holding that four month delay was unreasonable as a matter of law when insured failed to "attempt[] to show anything that prevented his acting promptly"); *Illinois Union Ins. Co. v. Sierra Contracting Corp.*, 744 F.Supp.2d 1349, 1352 (N.D. Ga. 2010) (finding delay unreasonable as a matter of law "where Defendants have not offered even one justification for the delay").

There was a four month delay between May 15, 2014, when Sapp fell, and September 22, 2014, when KAB notified Plaintiff of the incident. Plaintiff argues that, because Brandt was the Executive Director of KAB and was aware of Sapp's fall, the delay is unreasonable as a matter of law. KAB contends that the delay is justified because, although Brandt knew about Sapp's fall, neither Brandt, nor the Board of KAB, foresaw a claim against KAB until

6

receiving Sapp's demand letter in September, 2014. KAB's justification is unreasonable as a matter of law. Brandt clearly believed that Sapp deserved to be compensated for her medical bills and the damage to her vehicles as she submitted requests to Decatur County for those injuries. Despite this, she decided that Sapp would not file suit against KAB. The basis of this belief is unclear. Regardless, belief that the insured will not be held liable for the underlying incident is not sufficient to justify delay notice to the insurer. *See Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12, 16 (2010); *Advocate Networks*, 296 Ga. App. at 340.

Similarly, KAB's argument that Brandt was acting on the advice of the county attorney and county commissioners does not justify KAB's failure to notify Plaintiff. "The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract." *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 316, 562 S.E.2d 267, 268 (2002); *See also Geico Indem. Co. v. Smith*, 338 Ga. App. 455, 456–57, 7 (2016) ("[E]nforcement of the notice requirement of the policy was not dependent on the attorney's beliefs, incorrect or otherwise, regarding coverage."). In the absence of a valid justification for the four month delay in notice, KAB has violated the condition precedent as a matter of law. *See Advocate Networks*, 296 Ga. App. at 340 ("Because [Insured] provides no other reasonable explanation for the four-month delay at issue, the evidence establishes, as a matter of law, that it violated the [notice] provision."). Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 29) is **GRANTED**.

**SO ORDERED**, this   10th   day of   March   2017.

  /s/ Leslie J. Abrams  
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**